Case 5:26-cv-00327   Document 4   Filed 03/06/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **WALTER ALEXANDER LOPEZ-PEREZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:26-CV-00327** |
| § | |
| **BRET BRADFORD,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is Walter Alexander Lopez-Perez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1). Petitioner is **ORDERED** to submit proof of service to the named Respondents by registered or certified mail pursuant to Federal Rule of Civil Procedure 4(i) by **March 11, 2026**.

Having reviewed the Petition, Respondents are hereby **ORDERED** to show cause and submit a response to the Habeas Petition, (Dkt. 1), and serve it on Petitioner no later than **March 13, 2026,** which is between the three-to-twenty-day time period contemplated by 28 U.S.C. § 2243. The Court advises the Respondents that if no response is received, the Court may treat the petition as unopposed. Petitioner may submit a reply to Respondents Response on or before **March 17, 2026**.

Additionally, on November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025):

> **Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to

    detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. The Central District of California extended to the Bond Eligible Class as a whole the declaratory relief it had previously granted: that the Department of Homeland Security Policy of mandatory detention for all applicants for admission under § 1225 is unlawful. *Maldonado Bautista*, 2025 WL 3288403, at *9. On December 18, 2025, the *Maldonado Bautista* court entered a final judgment. *Maldonado Bautista et al v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Id*. In light of this development, the Court hereby **ORDERS** the Parties to address in their response and reply briefing: (1) whether Petitioner is a member of the nationally certified Bond Eligible Class; and (2) what affect if any the declaratory relief granted in *Maldonado Bautista v. Santacruz* has on Petitioner's claims before the Court. Specifically, if the Respondents argue that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) supersedes the class-action judgment, they must address the Supreme Court's holding that the preclusive effect of a final judgment on the merits is not altered "by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

    The Clerk is also **DIRECTED** to e-mail a copy of the Petition, (Dkt. 1), and this Order to the following email addresses: usatxs.civilnotice@usdoj.gov, Daniel.Hu@usdoj.gov, and Hector.Ramirez@usdoj.gov.

Additionally, it is further ordered that Respondents must notify Petitioner's counsel and the Court of any anticipated or planned transfer or removal of Petitioner outside of the Southern District of Texas **at least five (5) days** beforehand.

IT IS SO ORDERED.

SIGNED this March 6, 2026.

Diana Saldaña
United States District Judge