United States District Court
Southern District of Texas

**ENTERED**

March 20, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **WALTER ALEXANDER LOPEZ-PEREZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00327** |
| | § | |
| **BRET BRADFORD, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is Petitioner Walter Alexander Lopez-Perez's ("Petitioner")

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness

of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of

Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on March 5, 2026. (Dkt. 1.)

Petitioner is a noncitizen who has resided in the United States for seven years. (*See id.* at 4.)

Petitioner entered the United States on February 22, 2019 and was apprehended by immigration

authorities. (*Id.*; Dkt. 8 at 2) Petitioner was subsequently served with a Notice to Appear and

released on his own recognizance. (Dkt. 1 at 4, Attach. 1; Dkt. 8 at 3.)[1] In January of 2026,

Petitioner was reapprehended at a routine ICE check-in and taken into custody. (Dkt. 1 at 4; Dkt.

8 at 3.) Petitioner argues he is being unlawfully detained subject to mandatory detention in

violation of the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA),

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries.
The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

1 / 4

the Due Process Clause of the Fifth Amendment, and the Fourth Amendment. (Dkt. 1 at 6–16.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 17–18.)

The Court ordered Respondents to respond to Petitioner's petition on or before March 13, 2026. (Dkt. 4.) On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Respondents filed a timely response addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*, (Dkt. 8), and Petitioner filed a reply to Respondents' response, (Dkt. 9).

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner

is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 8), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

3 / 4

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.      If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5.      Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 20, 2026.

Diana Saldaña
United States District Judge